## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**DUANE EAVES,**

      **Movant,**

                                  **Case No. 2:16-cv-03547**
**v.**                                  **Case No. 2:05-cr-00076**
                                    **Case No. 2:05-cr-00164**
                                    **Case No. 2:05-cr-00165**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Letter-Form Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 64 in Case Nos. 2:16-cv-03547 and 2:05-cr-00076; ECF No. 31 in Case Nos. 2:05-cr-00164 and 2:05-cr-00165), and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 71 in Case Nos. 2:16-cv-03547 and 2:05-cr-00076; ECF No. 37 in Case Nos. 2:05-cr-00164 and 2:05-cr-00165). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY

On August 23, 2005, Movant, Duane Eaves (hereinafter "Defendant") pled guilty, pursuant to a written plea agreement, to three counts of bank robbery, in violation of 18

U.S.C. 2113.[1]  On November 28, 2005, Defendant was sentenced to 165 months in prison, followed by a three-year term of supervised release.  A Judgment to that effect was entered on December 13, 2005.   Defendant's sentencing guideline calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") for being a career offender, because he had prior felony convictions for burglary and escape, which the district court determined were "crimes of violence" under USSG § 4B1.2.  The career offender enhancement increased Defendant's guideline level from 27 to 32 (before a three-level reduction for acceptance of responsibility resulting in a total offense level of 29), and his criminal history category was VI, which raised his guideline range to 151-188 months of imprisonment.[2]  On May 26, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's sentence.  *United States v. Eaves*, 182 F. App'x 259 (4th Cir. 2006), *cert. denied*, 551 U.S. 1163 (2007).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson*"), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.  On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute

---

[1] Defendant was charged with one count of bank robbery each in this district (Case No. 2:05-cr-00076), the Middle District of Pennsylvania (Case No. 2:05-cr-00164), and the Western District of Virginia (2:05-cr-00165).  The prosecution of the Pennsylvania and Virginia charges was transferred to this district and consolidated with the West Virginia charge, and Defendant agreed to plead guilty to each count.

[2]  Without the career offender enhancement, Defendant's guideline imprisonment range would have been 100-125 months.

was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On April 11, 2016, Defendant filed a *pro se* Letter-Form Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 64) [3] seeking relief under the *Johnson* decision.[4]  On April 25, 2006, Defendant filed a *pro se* Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 71) and a Memorandum in support thereof (ECF No. 72).  The Supplemental Motion contained the following grounds for relief:

1.      The Residual Clause of Sentencing Guidelines is Unconstitutionally Vague.

I was sentenced under the United States Federal Guidelines which has similar language as the (ACCA) in Johnson ACCA is unconstitutionally vague.   My sentence was based on prior convictions which the government maintained was a crime of violence under residual clause of the United States Sentencing Guidelines.  In the past cases, this court has consistently applied ACCA analysis to the guidelines.

2.      Prior Convictions Were Not Crimes of Violence.

I had two Burglaries at the time of my sentence that they used as a crime of violence.  I also had a Work Release Escape.  Nobody was hurt in my burglaries, and no one was home at the time.  Nor did I use anything harmful to gain entrance of the houses, that would otherwise hurt a person.

3.      Ineffective Assistance of Counsel.

I felt my lawyer could have made more objections in my case at the time of my sentencing.  I also felt my lawyer could have raised more grounds in Appeals Court.  At the time of my sentencing, and my appeal, I was indigent and I was constitutionally entitled to an effective attorney, and felt them standards were never met.

---

[3] For ease of reference, the undersigned will hereafter cite to the docket numbers in the assigned civil action, Case No. 2:16-cv-03547.

[4] Although Defendant was not sentenced under the ACCA, the career offender guideline contains a substantially similar residual clause.  *See* USSG § 4B1.2(a)(2).

(ECF No. 71 at 4-6).

On June 14, 2016, the Office of the Federal Public Defender ("FPD") was appointed to represent Defendant for the purpose of determining whether he is entitled to any relief under *Johnson*. (*Id.*, ECF No. 76). On November 11, 2016, the United States of America filed a Response to the section 2255 motion. (*Id.*, ECF No. 82). On December 7, 2016, the undersigned granted the FPD's motion to withdraw as counsel for Defendant, and appointed David O. Schles to represent Defendant. (*Id.*, ECF No. 86). On February 10, 2017, Defendant, by counsel, filed a Reply. (ECF No. 89).[5]

## ANALYSIS

### A.    Defendant is not entitled to any relief under *Johnson*.

The court can quickly dispose of Defendant's claims that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the

---

[5] In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), addressed *infra*, the undersigned finds it unnecessary to specifically address the arguments contained in the Response and Reply, which pre-dated the Supreme Court's decision.

Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit.  *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause).  Because *Johnson* is not applicable to Defendant's case, he has not demonstrated that the application of the career offender enhancement to his sentence resulted in a denial of due process.  Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief under section 2255 on Grounds One and Two of Defendant's Supplemental Motion.

> **B.    Defendant's ineffective assistance of counsel claims are untimely.**

In Ground Three of his Supplemental Motion, Defendant contends that his counsel provided ineffective assistance of counsel both at sentencing and on direct appeal. However, the undersigned proposes that the presiding District Judge **FIND** that such claims are untimely under 28 U.S.C. § 2255(f).  Such claims should have been raised in a section 2255 motion filed within one year of Defendant's judgment becoming final, which was on or about June 29, 2007, when the Supreme Court denied his petition for a writ of certiorari.  In the absence of a valid claim under *Johnson*, which could have rendered a related claim of ineffective assistance of counsel claim timely under 28 U.S.C. § 2255(f)(3), Defendant's ineffective assistance of counsel claims are untimely.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Letter-Form Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in each of the above-referenced case numbers and dismiss the civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation in each of the above-referenced case numbers, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 17, 2018

Dwane L. Tinsley
United States Magistrate Judge